**KENTUCKY BAR ASSOCIATION,**
**Complainant,**

v.

**James F. CLAY, Jr., Esq., Respondent.**

No. 96–SC–370–KB.

Supreme Court of Kentucky.

Sept. 26, 1996.

---

### OPINION AND ORDER

This cause having come before the Court for review wherein the Board of Governors of the Kentucky Bar Association adjudged the Respondent, James F. Clay, Jr., guilty of three counts of professional misconduct in his representation of a client, Kathy Duvall, in a workers' compensation and social security proceedings.

More specifically, Count I charges Respondent with violating SCR 3.130–1.3 for failure to act with reasonable diligence in the representation of a client in a workers' compensation proceeding.

Count II holds Respondent in violation of SCR 3.130–8.3(c) for continuously misrepresenting the status of his client's workers' compensation case.

Count III charges Respondent with violation of SCR 3.130–8.3(c) for engaging in dishonest, fraudulent, or deceitful conduct in attempting to have his client sign a materially false affidavit pertaining to a social security claim.

Client sustained a back injury during the scope of her work as a nurse. The client consulted with Respondent concerning this injury, and on January 1, 1992 an application for workers' compensation disability benefits was filed. On September 9, 1992, the client's deposition was taken. No further action was taken by Respondent until one year later when the ALJ set the claim for a pre-trial conference on her own motion after the client wrote to the ALJ inquiring about the status of her case. During the interim, client contacted Respondent at least twice per month concerning her claim. The Respondent's usual response was that he was waiting for the hearing to be set and the case was ready for a pre-trial conference. No medical proof was taken by deposition by Respondent and the discovery deadline ran, as did the statute of limitations for joining the Special Fund. Client retained new counsel and the matter was promptly settled for a lump sum.

The Respondent contends that the delays in the case did not relate to his inaction, but opposing counsel's one-time request for continuance and that same counsel's suspension from the practice of law. Respondent also states that he does not believe his client's workers' compensation claim to have been prejudiced by his inaction. The KBA refutes this claim noting that due to Clay's inaction new counsel was prohibited from taking medical proof and was unable to join the Special Fund, devaluating the settlement.

The client also consulted Respondent concerning a social security claim. Respondent contends that he entered his appearance for the limited purpose of forwarding the report of the reconsideration to client and for no other purpose. Client denies agreeing to such a limited representation. Respondent admits to signing a social security "APPOINTMENT OF REPRESENTATIVE" form and to crossing through section III: Waiver of Fee. On cross-examination by the KBA, this exchange occurred,

Q:22 If you did not intend to represent Ms. Duvall, why would you draw through the line or through the section where you waive your fee?

A: I don't know the answer to that one.

Social security benefits were denied upon reconsideration and the 60–day appeal time ran. Upon learning from the Social Security Office that her claim had been dismissed for failure to file an appeal, client contacted Respondent. Respondent prepared an affidavit

for client to sign containing false information, specifically that client had a "severe visual impairment" which presumably would have prevented her from comprehending the denial of benefits report. Client refused to sign the false affidavit and filed a complaint with the bar.

The Inquiry Tribunal issued the aforesaid charges and the Respondent answered by letter. The Board of Governors, from all of the foregoing, found that Respondent violated each of the three charges and recommended that Respondent be suspended from the practice of law for a six-month period.

Upon our review of the record, we find that the evidence adequately supports the findings of the Board of Governors, however we do not feel that its recommendation that Respondent be suspended from the practice of law for a six-month period of time is sufficient in light of the aforesaid acts of fraud. A one year suspension appears to be a more appropriate sanction.

IT IS THEREFORE ORDERED:

That the Respondent, James F. Clay, Jr., be and is hereby suspended from the practice of law in Kentucky for a period of one year and until such further time as he is reinstated to the practice of law by order of this Court pursuant to SCR 3.510.

The Respondent is directed to pay the costs of this action in the amount of $1,111.55.

Pursuant to SCR 3.390, the Respondent shall within ten days of the date of the entry of this Order notify all clients in writing of his inability to represent them and to furnish photostatic copies of said letter of notice to the Director of the Kentucky Bar Association.

STEPHENS, C.J., GRAVES, KING, STUMBO and WINTERSHEIMER, JJ., concur.

BAKER and LAMBERT, JJ., would impose a six-month suspension.

ENTERED: September 26, 1996.

/s/ Robert F. Stephens
Chief Justice