188

**KENTUCKY BAR ASSOCIATION,**
Movant,

v.

**James F. CLAY, Jr., Respondent.**

**No. 96–SC–778–KB.**

Supreme Court of Kentucky.

Jan. 24, 1997.

Bruce K. Davis, Executive Director Kentucky Bar Association, Dale Wright, Kentucky Bar Association, Frankfort, for movant.

Thomas E. Clay, Louisville, for respondent.

## OPINION AND ORDER

This matter is before the Court upon notice of review by the Respondent, James F. Clay, Jr. The Board of Governors of the Kentucky Bar Association adjudged Respondent guilty of violating SCR 3.130–8.3(c) by engaging in dishonest, fraudulent, or deceitful conduct. Respondent was also charged, but found not guilty of violating SCR 3.130–4.1 which provides that "[i]n the course of representing a client, a lawyer shall not knowingly make a false statement of material fact or law to a third party." We note that this Court recently suspended Respondent from the practice of law for a period of one year on charges not related to this matter. *Kentucky Bar Association v. Clay*, 932 S.W.2d 369 (1996).

In 1991, Respondent filed suit in the Fayette Circuit Court on behalf of a client for injuries sustained in an automobile accident. Respondent negotiated with the tortfeasor's insurance carrier, Great American Insurance Company, while litigating the case with opposing counsel, Kevin Murphy, who was retained by Great American.

In February 1994, Respondent settled the case by direct negotiations with Great American's claim manager, Pamela LeBlanc. At LeBlanc's request, Murphy prepared a release of liability and an agreed order of dismissal. Murphy forwarded the release, but not the settlement draft, to Respondent. Respondent refused to have his client sign the release due to objectionable language and the fact that the draft was not included.

The record indicates that numerous heated exchanges occurred between Respondent and Murphy, as well as Murphy's associate. In addition, several modifications were made to the release. Eventually, Murphy forwarded the draft to Respondent on the specific agreement that it was not to be negotiated unless and until Respondent and his client executed and returned the release. Respondent negotiated the draft but refused to return the release. Murphy subsequently filed a Complaint with the Kentucky Bar Association and the Inquiry Tribunal issued the two charges as outlined above in violation of Supreme Court Rules 3.130–4.1 and 3.130–8.3(c). Notably, Respondent did eventually return the signed release to Great American ten days prior to the Kentucky Bar Association's hearing on the charges against him.

As to Count I, the Board of Governors found the Respondent not guilty of violation of SCR 3.130–4.1 on the basis that there was an actual factual and legal dispute between Respondent and Great American's claim manager and/or Murphy as to the language

contained in the release. Further, the Board concluded that Murphy did not send the release and draft simultaneously as was recited in the release. Therefore, Respondent was found not guilty of knowingly making a false statement of material fact or law to a third party.

As to Count II, the Board of Governors unanimously found Respondent guilty of violating SCR 3.130–8.3(c). The Board determined that Respondent engaged in conduct involving dishonesty, fraud, deceit or misrepresentation and consequently breached his fiduciary duty. This determination was based upon a finding that Respondent committed deceit when he received the letter from Murphy instructing him not to negotiate the draft until the release had been executed and returned, yet did so without complying with the instructions. As a result, the Board voted 9–3 to recommend that Respondent receive a 30 day suspension.

Upon our review of the record, we find that the evidence supports the findings of the Board of Governors and we adopt its recommendation pursuant to SCR 3.380.

IT IS THEREFORE ORDERED:

That the Respondent, James F. Clay, Jr., be and is hereby suspended from the practice of law in Kentucky for a period of 30 days. This suspension is to run consecutively with the one year suspension ordered on September 26, 1996.

The Respondent is directed to pay the costs of this action in the amount of $2,654.94.

All concur.

JOHNSTONE, J., not sitting.

ENTERED: January 24, 1997

/s/ Robert F. Stephens
Chief Justice